JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-3650

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lucas Alex Ambrezewicz, ind'vd. and on behalf of all other ssimilarly situated

**DEFENDANTS** aus marketing Research Systems, Inc. dba SSRS, a Pennsylvania Corp.

(b) County of Residence of First Listed Plaintiff: San Bernadino, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware Cnty, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Kay Sickles, Law offices of Kay Sickles 484-343-
105 Lodges Lane, Bala Cynwyd, PA 2741

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Telephone Consumer Protection act, 47 U.S.C. §227 et seq.

Brief description of cause:
Defendant made unsolicited autodialed calls to π and members of the

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No Class

## VIII. RELATED CASE(S) IF ANY
N/A
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE 8/15/17

SIGNATURE OF ATTORNEY OF RECORD
Kay E. Sickles

AUG 15 2017

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT     17   3650

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Alta Loma, San Bernadino Cnty, CA_

Address of Defendant: _QNS Marketing Research Systems, Inc., 53 W. Baltimore Pike, Media, PA 19063_

Place of Accident, Incident or Transaction: _Alta Loma, CA_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐ No☐

Does this case involve multidistrict litigation possibilities? _N/A_     Yes☐ No☐

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _Kay E. Sickles_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $50,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _8/10/2017_     _Kay E. Sickles_     _Pa 75159_
              Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

AUG 15 2017

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _8/10/2017_     _Kay E. Sickles_     _Pa 75159_
              Attorney-at-Law           Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| **LUCAS ALEX AMBREZEWICZ,** individually and on behalf of all others similarly situated, *Plaintiff,* v. **AUS MARKETING RESEARCH SYSTEMS, INC.** dba **SSRS,** a Pennsylvania corporation, *Defendant.* | CASE NO. **COMPLAINT -- CLASS ACTION** **JURY TRIAL DEMANDED** 17  3650 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Cs Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos Cases involving claims for personal injury or property damage from exposure to asbestos,        ( )

(e) Special Management Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)
(f) Standard Management Cases that do not fall into any one of the other tracks.        (x)

| 08/10/2017 | Kay E. Sickles | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-Law** | **Attorney for** |
| 484-343-2741 | | kaysickles.esquire@gmail.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 15 2017



**TJS**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCAS ALEX AMBREZEWICZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>AUS MARKETING RESEARCH SYSTEMS, INC. dba SSRS, a Pennsylvania corporation,<br><br>*Defendant.* | CASE NO.<br><br>**17   3650**<br><br>**COMPLAINT -- CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lucas Alex Ambrezewicz ("Plaintiff" or "Ambrezewicz") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant AUS ("Defendant" or "AUS") to stop Defendant's practice of making unsolicited autodialed telephone calls to the cellular telephones of consumers nationwide and to obtain redress, including injunctive relief, for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.  Defendant AUS is a full-service market and survey research firm.[1] It conducts surveys on a wide variety of topics including current events, health care, customer/product satisfaction, politics, media usage, and many others.[2]

---

[1] https://www.linkedin.com/company-beta/408009/.

1

2. Unfortunately for consumers, Defendant casts its net too wide. That is, in an attempt to collect information for its clients via consumer surveys, Defendant conducted (and continues to conduct) a wide-scale survey campaign that features the making of repeated autodialed telephone calls to consumers' cellular telephones without their consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3. By making the autodialed telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation, annoyance, and nuisance and invasions of privacy that result from the receipt of such calls in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellular telephones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular data and minutes.

4. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Lucas Alex Ambrezewicz is a natural person and citizen of the State of California, residing in the City of Alta Loma.

---

[2] www.snagajob.com/job-seeker/jobs/job-details.aspx?postingid=34246240.

6. Defendant AUS is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its headquarters located at 53 W. Baltimore Pike, Media, Pennsylvania 19063

## JURISDICTION AND VENUE

7. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

8. The Court has personal jurisdiction over Defendant because it solicits significant business in this District, and the calls at issue were directed to and received in this District, and the unlawful conduct alleged in this Complaint occurred in and/or was directed to this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this District and the causes of action arose, in substantial part, in this District. Venue is additionally proper as Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

10. As discussed *supra,* Defendant provides its clients with consumer information via survey calls made to consumers on their cellular telephones.

11. The TCPA prohibits companies from placing autodialed survey calls to cell phones without prior express consent. This specific issue was clarified by the FCC more than four years ago:

> Additionally, we note that many commenters expressed concern about obtaining written consent for certain types of autodialed or prerecorded calls, including . . . *research or survey calls* . . . Again, such calls . . . *require either written or oral consent if made to wireless consumers* and other specified recipients. [3]

---

[3] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC 12-21, CG Dkt. 02-278 (emphasis added).

12. Yet in violation of this rule, Defendant fails to obtain any prior consent to make these autodialed calls to cellular telephone numbers.

13. In placing the calls that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

14. In fact, Defendant advertises this ability on a job recruiting website: "As a telephone interviewer, you will … place outbound calls either manually dialed or using an automated dialer."[4] Defendant's job advertisement is shown below:

**Additional**

SSRS is a market research firm and a division of AUS, Inc. We conduct surveys on a wide variety of topics including current events, health care, customer/product satisfaction, politics, media usage, and many others.

As a telephone interviewer, you will:

* place outbound calls either manually dialed or using an automated dialer
* explain the study's purpose, answer questions, address concerns
* read questions clearly and verbatim
* accurately record answers into the computer

*http://snagajob.com/job-seeker/jobs/job-details.aspx?postingid=34246240*

15. When placing these calls to consumers, Defendant failed to obtain prior express

---

[4] http://snagajob.com/job-seeker/jobs/job-details.aspx?postingid=34246240

4

consent as required by the TCPA from cellular telephone owners/users to make such calls.

16.     In fact, on Defendant's job posting they admit that the consumers they are calling "are not expecting the call and many times are not happy to receive it."[5]

> While we never conduct sales or collections type calls, these calls are OUTBOUND calls; respondents are not expecting the call and many times are not happy to receive it. Resilience, persistence, confidence and a positive attitude are a plus.
>
> We provide flexible self-scheduling on a monthly basis within the following guidelines:
>
> *   Must schedule at least 60 hours per month and 20 of those hours must be on Saturday's and/or Sunday's.
> *   Must schedule TWO Friday shifts per month.

17.     To make matters worse, even when consumers try to opt out of future calls by requesting to never be called again, Defendant continues to call them.

18.     Defendant knowingly made (and continues to make) telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the putative Classes but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF LUCAS ALEX AMBREZEWICZ

19.     On or about June of 2017, Plaintiff received telephone calls from AUS from telephone number 619-357-4644.

20.     On June 19, 2017 at 2:48 p.m., Plaintiff answered a call from AUS on his cellular telephone.

21.     Upon answering, Plaintiff noticed a noticeable pause before being connected to one of AUS's representatives. Such pause is indicative of the use of an ATDS.

---

[5] *Id.*

5

22. AUS's representative informed Plaintiff that it was associated with the website, SSRS.com.[6]

23. Plaintiff demanded that AUS cease calling him.

24. Despite Plaintiff's demand, AUS called him again on the very same day. Again, he demanded it cease calling him.

25. A screenshot of AUS's call to Plaintiff's cellular telephone is produced below:[7]



26. On at least one of the calls that Plaintiff answered, AUS's representative indicated that the purpose of the call was to solicit Plaintiff to take a survey regarding sports.

---

[6] SSRS is a dba of AUS. On its LinkedIn page, AUS states, "Our customers benefit from the synergies found in our group, who share our ethical and customer-orientation values. AUS' operating companies: SSRS http://www.ssrs.com ..." *See* https://www.linkedin.com/company-beta/3222539/.

[7] On information and belief, Defendant owns/operates and/or otherwise uses telephone number 619-357-4644 to make its autodialed calls.

6

27. Plaintiff never consented in writing or otherwise to receive autodialed telephone calls on his cellular telephone from AUS.

28. Plaintiff does not have a relationship with AUS, has never provided his telephone number to AUS, and has never requested that AUS place calls to him or offer its services. Simply put, Plaintiff has never provided any form of prior express consent to AUS to place calls to him and has no business relationship with AUS.

29. AUS at all times is and was aware that the above-described autodialed telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and also to those who have requested AUS to cease calling them.

30. By making unauthorized autodialed calls to consumers' cellular telephones as alleged herein, AUS has caused consumers actual, concrete harm and annoyance. In the present case, a consumer could be subjected to many unsolicited autodialed telephone calls, as AUS's opt-out system does not work.

31. In order to redress these injuries, Plaintiff, on behalf of himself and the Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones.

32. On behalf of the Classes, Plaintiff seeks an injunction requiring AUS to cease all unauthorized autodialed telephone calling activities, declaratory relief establishing that AUS's calls violated the TCPA, and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

33. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and two Classes defined as follows:

7

**Autodialed No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called; (2) on the person's cellular telephone number; (3) for the purpose of gathering information via survey; and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

**Autodialed Stop Call Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone number, (3) for the purpose of gathering information via survey, (4) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

34. The following people are excluded from the Classes: any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the potential need to amend the Class Definitions following the completion of class discovery regarding the size and scope of the Classes and the manner by which Defendant claims it obtained prior express consent.

35. **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records and by reference to other objective criteria.

36.     **Commonality**: There are several questions of law and fact common to the claims of Plaintiff and the Classes on which every class member's claim will either succeed or fail, and which will be proven using common evidence. Such common questions for the Classes include, without limitation:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant systematically made telephone calls to individuals who did not provide Defendant and/or its agents with their prior express consent to receive such phone calls;

(c)     Whether Defendant made the calls with the use of an ATDS;

(d)     Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

(e)     Whether Defendant systematically made telephone calls to consumers after they explicitly asked not to be called by Defendant.

37.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if Defendant violated the TCPA to call Plaintiff then it violated the TCPA to call the other class members. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Classes.

38.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

9

39. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff.

40. **Predominance:** The common questions of law and fact set forth above predominate over any individual issues. Whether Defendant properly obtained prior express consent to call and whether Defendant used an ATDS go to the very heart of the case and are facts on which all class members' claims hinge. As such, the common issues predominate over any supposed individualized issues.

41. **Superiority and Manageability**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action

presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Autodialed No Consent Class)

42. Defendant made unsolicited and unwanted autodialed telephone calls to telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class—without their prior express consent.

43. Defendant's calls were made for the purpose of soliciting Plaintiff to take a survey.

44. At no time did Defendant obtain prior express consent that disclosed to the called party that the called party consented to be called with an automatic telephone dialing system or prerecorded voice or that providing such consent was not a condition (direct or indirect) of any purchase of any goods or services.

45. Further, Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Autodialed No Consent Class simultaneously and without human intervention.

46. By making unsolicited telephone calls to Plaintiff and members of the Autodialed No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

47. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

48. In the event that the Court determines that Defendant's conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

## SECOND CAUSE OF ACTION
**Violation of 47 U.S.C. § 227 *et seq.***
**(On behalf of Plaintiff and the Autodialed Stop Call Class)**

49. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50. Defendant made unsolicited and wanted autodialed telephone calls to telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Call Class on their cellular telephone *after* the person had informed Defendant that he or she no longer wished to receive such calls from Defendant.

51. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

52. By making unsolicited autodialed telephone calls to Plaintiff and members of the Autodialed Stop Call Class's cellular telephones after they requested to no longer receive calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by continuing to call them without prior express consent.

53. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed Stop Call Class suffered actual damages in the form of monies paid to receive the

unsolicited telephone calls on their cellular telephones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

54. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Stop Call Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lucas Alex Ambrezewicz, individually and on behalf of the Classes, prays for the following relief:

55. An order certifying the Classes as defined above, appointing Plaintiff Lucas Alex Ambrezewicz as the representative of the Classes and appointing his counsel as Class Counsel;

56. A declaratory judgment declaring that Defendant's calls violated the TCPA, that Defendant's equipment constitutes an automatic telephone dialing system under the TCPA, that Defendant failed to obtain prior express consent to call Plaintiff or any of the Class members, that Defendant failed to maintain an internal Do Not Call list and to train its personnel engaged in telemarketing in the existence and use of such a list, and that Defendant failed to honor stop-call requests to Plaintiff and the members of the Autodialed Stop Call Class;

57. An award of actual and statutory damages, to be trebled in the event the Court finds that Defendant has acted knowingly and willfully, to be paid into a common fund for the benefit of the Class Members;

58. An injunction requiring Defendant and its agents to cease all unsolicited telephone calling activities, to honor do not call requests, to provide a domestic number for opting out, and otherwise protecting the interests of the Classes;

59. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express consent to receive calls made with such equipment;

60. An injunction prohibiting Defendant from contracting with any third-party for autodialing and/or marketing and/or survey purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

61. An injunction prohibiting Defendant from conducting any future autodialing activities until it has established an internal Do Not Call List as required by the TCPA and trained its employees in the existence and use of its internal Do Not Call list;

62. An award of reasonable attorneys' fees and costs to be paid from the common fund; and

63. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: August 13, 2017

**LUCAS ALEX AMBREZEWICZ**, individually and on behalf of all others similarly situated,

By: *Kay E. Sickles*

Kay E. Sickles, Esquire
Pa. No. 75159
105 Lodges Lane
Bala Cynwyd, PA 19004
Telephone (484) 343-2741
Email: kaysickles.esquire@gmail.com

**Local Counsel for Plaintiff**


Blake J. Dugger*
blake@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
1011 W. Colter St., #236
Phoenix, Arizona 85013
Telephone: (602) 441-3704
Facsimile: (888) 498-8946

**Attorneys for Plaintiff and the Classes**

* *Pro Hac Vice* Admission to Be Sought